UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINIER J.E.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-4918-TLN-JDP<br><br>**ORDER** |

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 15.) Respondent filed objections to the findings and recommendations (ECF No. 16), and they have been considered by the undersigned.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 9, 2026 (ECF No. 13) are ADOPTED in full as set forth below.

2. The Amended Petition for Writ of Habeas Corpus (ECF No. 10) is GRANTED.

3. Respondents are ENJOINED from continuing to detain Petitioner, while subject to 8 U.S.C. § 1226, for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4. Within **24 hours** of the filing of this Order, Respondents shall personally serve Petitioner with this Order and file proof of such service on the docket.

5. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

6. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such

that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

7. The parties are advised that any further challenges related to Petitioner's current detention should be filed in this case, using the aforementioned case number (1:26-cv-4918-TLN-JDP).

8. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE